UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ROBERT P. "SKIP" CUMMINS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | 07-CV-4633 (JGK) |
| | § | |
| SUNTRUST CAPITAL MARKETS, | § | |
| INC., AMIT HAZAN, and | § | |
| JONATHAN BLOCK, | § | |
| | § | |
| Defendants. | § | |

---

## ANSWER OF AMIT HAZAN

COMES NOW Amit Hazan, named as a defendant in this action, and answers plaintiff's Complaint as follows:

## FIRST DEFENSE

Hazan answers the numbered paragraphs of the Complaint as follows:

1.     Answering Paragraph 1, this defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 and can neither admit nor deny the same.

2.     Answering Paragraph 2, this defendant admits that he is domiciled in the Southern District of New York.  This defendant denies having committed any unlawful practices as alleged in the Complaint.  Except as thus stated, this defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 and can neither admit nor deny the same.

3.    This defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 and can neither admit nor deny the same.

4.    This defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 and can neither admit nor deny the same.

5.    Admitted.

6.    This defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 and can neither admit nor deny the same.

7.    This defendant admits that while employed by SunTrust Capital Markets, Inc., he wrote two notes concerning certain events related to Cyberonics, Inc., which notes will speak for themselves. This defendant further admits that the two reports are dated June 8 and June 12, 2006, that they were published, and that he was subsequently interviewed by the *New York Times, The Houston Chronicle* and possibly *Bloomberg*. This defendant further admits that copies of the notes are attached to the Complaint as Exhibits A and B, and that Exhibits C, D, and E are copies of news reports related to the same subject. Except as thus stated, paragraph 7 is denied.

8.    Answering Paragraph 8, this Defendant admits that he was an employee of SunTrust Capital Markets, Inc., acting in the scope of his employment

when he authored the two notes referred to above.  Except as thus stated, the allegations of Paragraph 8 are too vague to answer and are denied.

9.      This defendant denies he made any defamatory comments.  Except as thus stated, this defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 and can neither admit nor deny the same.

10.     This defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 and can neither admit nor deny the same.

11.     This defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 and can neither admit nor deny the same.

12.     This defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 and can neither admit nor deny the same.

13.     This defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 and can neither admit nor deny the same.

14.     This defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 and can neither admit nor deny the same.

15.     This defendant is without knowledge or information sufficient to form a
belief as to the truth of the allegations of Paragraph 15 and can neither
admit nor deny the same.

16.     This defendant is without knowledge or information sufficient to form a
belief as to the truth of the allegations of Paragraph 16 and can neither
admit nor deny the same.

17.     This defendant admits that the two reports are dated June 8 and June 12,
2006, that they were published, and that he was subsequently interviewed
by the *New York Times, The Houston Chronicle* and possibly *Bloomberg*.
This defendant denies defaming Plaintiff.  Except as thus stated, this
defendant is without knowledge or information sufficient to form a belief as
to the truth of the allegations of Paragraph 17 and can neither admit nor
deny the same.

18.     Answering Paragraph 18, this defendant states that the notes will speak for
themselves.  Except as thus stated, the allegations of Paragraph 18 are
denied.

19.     This defendant is without knowledge or information sufficient to form a
belief as to the truth of the allegations of Paragraph 19 concerning the
legality of the options and can neither admit nor deny the same.  Except as
thus stated, the allegations of Paragraph 19 are argumentative and
incomplete, and they are therefore denied as pled.

20.    This defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 and can neither admit nor deny the same.

21.    This defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 and can neither admit nor deny the same, except that he denies defaming Plaintiff.

22.    This defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22 and can neither admit nor deny the same.

23.    This defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 and can neither admit nor deny the same.

24.    This defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24 and can neither admit nor deny the same.

25.    Answering Paragraph 25, this defendant denies that he "blamed and defamed Mr. Cummins" as alleged, and denies that the paraphrasing of his notes in the allegations of Paragraph 25 is accurate or complete.  Except as thus stated, this defendant is without knowledge or information to form a belief as to the truth of the allegations of Paragraph 25 and can neither admit nor deny the same.

26.    Denied.

27.    Answering Paragraph 27, this defendant admits that part of the allegations of said paragraph accurately reflect part of what was written in one of the notes.  This defendant denies the accuracy and completeness of the allegations of Paragraph 27 when taken out of context.

28.    Answering Paragraph 28, this defendant denies that the statements made in his notes were false, and he denies the accuracy and completeness of the paraphrasing and criticisms of the note which are contained in Paragraph 28.  Except as thus stated, Paragraph 28 is denied.

29.    Answering Paragraph 29, this defendant denies that the statements in question were false or constituted a misrepresentation.  This defendant denies the accuracy and completeness of the paraphrasing and criticisms of the note which are contained in Paragraph 29.  Except as thus stated, Paragraph 29 is denied.

30.    Answering Paragraph 30, this defendant admits that portions of the note quoted in said paragraph are accurate.  To the extent the Paragraph alleges anything is false or defamatory, such allegations are denied.  This defendant denies the argumentative allegations of said paragraph asserting falsity, and he otherwise denies the accuracy and completeness of the paraphrasing and argument contained in said paragraph.

31.    This defendant admits that portions of the allegations of Paragraph 31 were included in his note.  However, the allegations of said paragraph are incomplete as pled.

32.    Answering Paragraph 32, this defendant is without knowledge or

       information sufficient to form a belief as to the truth of the allegations

       related to the Form 4s as alleged in said paragraph, and the details of the

       same.  Except as thus stated, the allegations of Paragraph 32 are denied.

33.    Denied.

34.    Answering Paragraph 34, this defendant admits that portions of his note are

       accurately quoted in part of Paragraph 34, but they are incomplete and

       taken out of context.  This defendant denies falsity of the note and denies

       that it was misleading.  Except as thus stated, this defendant is without

       knowledge or information sufficient to form a belief as to the truth of the

       allegations of Paragraph 34 and can neither admit nor deny the same.

35.    Answering Paragraph 35, this defendant admits that parts of his note are

       quoted therein, but they are incomplete and taken out of context.  Except as

       thus stated, the allegations of Paragraph 35 are denied.

36.    This defendant is without knowledge or information sufficient to form a

       belief as to the truth of the allegations of Paragraph 36 and can neither

       admit nor deny the same.

37.    Answering Paragraph 37, this defendant denies that he ignored facts

       concerning the Form 4s.  Except as thus stated, this defendant is without

       knowledge or information sufficient to form a belief as to the truth of the

       allegations of Paragraph 37 and can neither admit nor deny the same.

38. Answering Paragraph 38, this defendant denies his note was false. Except as thus stated, this defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 38 and can neither admit nor deny the same.

39. Answering Paragraph 39, this defendant admits that part of one of his notes is accurately quoted within said paragraph, but this defendant denies the remaining allegations of Paragraph 39.

40. Answering Paragraph 40, this defendant admits that part of one of his notes is accurately quoted within this paragraph, but denies the remaining allegations of said paragraph.

41. Answering Paragraph 41, this defendant admits that part of one of his notes is accurately quoted within this paragraph, but denies the remaining allegations of said paragraph.

42. Answering Paragraph 42, this defendant admits that part of one of his notes is accurately quoted within this paragraph, but denies the remaining allegations of said paragraph, with the exception of the allegations concerning the SEC beginning an investigation of Cyberonics in June of 2006.

43. This defendant admits that a second note was published on June 12, 2006, but this defendant denies the remaining allegations of said paragraph.

44. Answering Paragraph 44, this defendant admits that parts of one of his notes are accurately quoted within said paragraph. To the extent the

Paragraph alleges anything is false or defamatory, such allegations are denied. This defendant denies the accuracy and completeness of the remaining allegations of said paragraph which purport to paraphrase and argue about the meaning of that part of this defendant's note. Except as thus stated, this defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 44 and can neither admit nor deny the same.

45.    Answering Paragraph 45, this defendant admits that he had been covering Cyberonics as a financial analyst prior to writing the notes in question, and that he and Mr. Block were aware of other events within Cyberonics at the time. Except as thus stated, the allegations of Paragraph 45 are denied.

46.    Denied.

47.    Answering Paragraph 47, this defendant admits that said paragraph accurately quotes portions of one of his notes, but they are taken out of context. This defendant denies his note is false and defamatory. Except as thus stated, this defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 47 and can neither admit nor deny the same.

48.    Answering Paragraph 48, this defendant admits that part of one of his notes is accurately quoted in said paragraph, but is incomplete and out of context. To the extent the Paragraph alleges anything is false or defamatory, such allegations are denied. Except as thus stated, this defendant is without

knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 48 and can neither admit nor deny same.

49.    Answering Paragraph 49, this defendant admits that part of one of his notes is accurately quoted within said paragraph, but is incomplete and out of context. To the extent the Paragraph alleges anything is false or defamatory, such allegations are denied. Except as thus stated, this defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 49 and can neither admit nor deny the same.

50.    Answering Paragraph 50, this defendant admits that part of one of his notes is quoted within said paragraph, but shows that the quote is only partial and is taken out of context. To the extent the Paragraph alleges anything is false or defamatory, such allegations are denied. This defendant also denies the paraphrasing and argument of said paragraph concerning the meaning of the quoted portion of the note. Except as thus stated, this defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 50 and can neither admit nor deny the same.

51.    Answering Paragraph 51, this defendant admits that part of one of his notes is accurately quoted within said paragraph. To the extent the Paragraph alleges anything is false or defamatory, such allegations are denied. Except as thus stated, this defendant is without knowledge or information sufficient

to form a belief as to the truth of the allegations of Paragraph 51 and can neither admit nor deny the same.

52.    Answering Paragraph 52, this defendant admits that part of one of his notes is accurately quoted within said paragraph.  To the extent the Paragraph alleges anything is false or defamatory, such allegations are denied.  Except as thus stated, this defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 52 and can neither admit nor deny the same.

53.    Answering Paragraph 53, this defendant admits that part of one of his notes is accurately quoted within said paragraph.  To the extent the Paragraph alleges anything is false or defamatory, such allegations are denied.  Except as thus stated, this defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 53 and can neither admit nor deny the same.

54.    Answering Paragraph 54, this defendant admits that part of one of his notes is accurately quoted within said paragraph.  To the extent the Paragraph alleges anything is false or defamatory, such allegations are denied.  Except as thus stated, this defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 54 and can neither admit nor deny the same.

55.    Answering Paragraph 55, this defendant admits that part of one of his notes is accurately quoted in this paragraph.  To the extent the Paragraph alleges

anything is false or defamatory, such allegations are denied. This defendant denies the paraphrasing and argument concerning the meaning of the quoted portion. Except as thus stated, Paragraph 55 is denied.

56.    Answering Paragraph 56, this defendant admits that part of one of his notes is accurately quoted within said paragraph. To the extent the Paragraph alleges anything is false or defamatory, such allegations are denied. This defendant denies the paraphrasing and argument about the meaning of the quotation which follows in said paragraph. Except as thus stated, this defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 and can neither admit nor deny the same.

57.    Answering Paragraph 57, this defendant admits that part of one of his notes is accurately quoted within said paragraph. To the extent the Paragraph alleges anything is false or defamatory, such allegations are denied. This defendant denies the paraphrasing and argument about the meaning of the quotation which follows in said paragraph. Except as thus stated, this defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 and can neither admit nor deny the same.

58.    Answering Paragraph 58, this defendant admits that part of one of his notes is accurately quoted within said paragraph. To the extent the Paragraph alleges anything is false or defamatory, such allegations are denied. This

defendant denies the paraphrasing and argument about the meaning of the quotation which follows in said paragraph. Except as thus stated, this defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 and can neither admit nor deny the same.

59.    Answering Paragraph 59, this defendant admits that part of one of his notes is accurately quoted within said paragraph. To the extent the Paragraph alleges anything is false or defamatory, such allegations are denied. This defendant denies the paraphrasing and argument about the meaning of the quotation which follows in said paragraph. Except as thus stated, this defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 and can neither admit nor deny the same.

60.    Answering Paragraph 60, this defendant admits that the *New York Times* reported on Cyberonics. Except as thus stated, Paragraph 60 is denied.

61.    Answering Paragraph 61, this defendant shows that the *New York Times* article will speak for itself and denies the accuracy and completeness of plaintiff's allegations in Paragraph 61.

62.    Answering Paragraph 62, this defendant shows that the article will speak for itself. This defendant denies that the statements are false and defamatory.

63.    Answering Paragraph 63, this defendant shows that the article will speak
       for itself.  This defendant denies that the statements in the article are false
       and defamatory.

64.    Answering Paragraph 64, this defendant admits that he was interviewed by
       the *New York Times* but denies that he made any false and defamatory
       statements concerning plaintiff.  This defendant further denies the accuracy
       and completeness of plaintiff's characterization of the interview, as
       contained in Paragraph 64.

65.    Denied.

66.    Defendant admits that an article appeared in *The Houston Chronicle*
       concerning Cyberonics and his note, and that the article will speak for
       itself.  This defendant denies making any false statements to *The Houston
       Chronicle*.

67.    This defendant admits that he was interviewed by *The Houston Chronicle*
       and that portions of his statements are quoted in Paragraph 67.  This
       defendant denies that the statements are false and denies plaintiff's
       paraphrasing and argument concerning those statements in Paragraph 67.

68.    Answering Paragraph 68, this defendant admits that he believes he was
       briefly interviewed by *Bloomberg* and that portions of his interview are
       quoted in Paragraph 68.  This defendant denies his statements to *Bloomberg*
       were false and shows that Paragraph 68 does not fully or accurately report
       the entire interview.  Except as thus stated, Paragraph 68 is denied.

- 14 -

69.   Answering Paragraph 69, this defendant denies that he advised the SunTrust sales force what was going to be in the June 8, 2006 report during the week or more prior to its publication.  Except as thus stated, the allegations in Paragraph 69 are too vague to answer and are therefore denied.

70.   Denied.

71.   Denied.

72.   This defendant restates and incorporates by reference his responses to Paragraphs 1-71 above.

73.   Denied.

74.   Denied.

75.   Denied.

76.   Denied.

77.   Denied.

78.   Denied.

79.   Denied.

80.   Denied.

81.   Denied.

82.   This defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 82 and can neither admit nor deny the same.

83.   Denied.

84.    This defendant restates and incorporates herein by reference his responses to Paragraphs 1-83 above.

85.    Denied.

86.    Admitted.

## SECOND DEFENSE

The Complaint fails to state a claim against Hazan upon which relief can be granted.

## THIRD DEFENSE

All statements made by Hazan about which Plaintiff complains are true.

## FOURTH DEFENSE

All statements made by Hazan about which Plaintiff complains, and all other actions of Hazan, were taken in good faith in the performance of a public duty and are, therefore, privileged because the privilege was used bona fide in promotion of the object for which the privilege is granted.

## FIFTH DEFENSE

All statements made by Hazan about which Plaintiff complains, and all other actions of Hazan, were taken in good faith in the performance of a private duty and are therefore privileged, since the privilege was used bona fide in promotion of the object for which the privilege is granted.

## SIXTH DEFENSE

All statements made by Hazan about which Plaintiff complains, and all other actions of Hazan, were taken with good faith intent on the part of Hazan to

protect his interest in a matter in which he is concerned and are therefore privileged, since the privilege was used bona fide in promotion of the object for which the privilege is granted.

## SEVENTH DEFENSE

Plaintiff's claims are barred by the protections afforded Hazan by Constitutional law.

## EIGHTH DEFENSE

The statements made by Hazan about which Plaintiff complains do not tend to injure Plaintiff's reputation or expose him to public hatred, contempt, or ridicule.

## NINTH DEFENSE

The statements made by Hazan about which Plaintiff complains, or some of them, do not refer to Plaintiff.

## TENTH DEFENSE

The statements made by Hazan about which Plaintiff complains, or some of them, consist of statements of opinion concerning matters of opinion and were presented as such.

## ELEVENTH DEFENSE

Plaintiff's claims, or some of them, are barred by reason of the great public concern and interest in, and the importance of, the topics of the statements made by Hazan about which Plaintiff complains.

- 17 -

## TWELFTH DEFENSE

All statements made by Hazan about which Plaintiff complains, and all other actions of Hazan, were taken in the utmost good faith, with substantial accuracy, and without malice, express or implied.

## THIRTEENTH DEFENSE

All statements made by Hazan about which Plaintiff complains, and all other actions of Hazan, were taken without knowledge of falsity, without any disregard for truth, in the exercise of due and reasonable care and without fault.

## FOURTEENTH DEFENSE

No statement, act, or omission on the part of Hazan caused or contributed to Plaintiff's alleged injuries.

## FIFTEENTH DEFENSE

Plaintiff's injuries and damages, if any, are due to statements, acts, or omissions of other individuals or entities for whose conduct Hazan is not legally responsible.

## SIXTEENTH DEFENSE

Plaintiff has not suffered any special damages flowing naturally from the statements made by Hazan about which Plaintiff complains.

WHEREFORE, having fully answered, defendant Amit Hazan demands that plaintiff's complaint be dismissed as to him, with all costs against the plaintiff.

Respectfully submitted this 22nd day of June, 2007.

ALSTON & BIRD LLP

s/ Nelson A. Boxer
Nelson A. Boxer (NB 2762)
90 Park Avenue
New York, New York  10016
Tel.  (212) 210-9400
Fax  (212) 210-9444

Judson Graves
Georgia Bar No. 305700
Robert R. Long
Georgia Bar No. 141546
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA  30309-3424
Tel.  (404) 881-7000
Fax  (404) 881-7777

*Attorneys for Defendant Amit Hazan*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ROBERT P. "SKIP" CUMMINS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Case No. 07-CV-4633 |
| | § | Judge Koeltl |
| SUNTRUST CAPITAL MARKETS, | § | |
| INC., AMIT HAZAN, and | § | |
| JONATHAN BLOCK, | § | |
| | § | |
| Defendants. | § | |

---

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the within and foregoing ANSWER OF DEFENDANT AMIT HAZAN by electronic mail and First Class Mail to all counsel of record:

> Julius Glickman
> Ashton Bachynsky
> GLICKMAN & HUGHES, LLP
> 909 Fannin, Suite 3800
> Houston, TX  77010
>
> Alan Heblack
> SNITOW KANFER HOLTZER
> & MILLUS, LLP
> 575 Lexington Avenue
> New York, NY  10022-6102

This 22nd day of June, 2007.

> s/Nelson A. Boxer
> Nelson A. Boxer (NB 2762)