UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT P. "SKIP" CUMMINS,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>SUNTRUST CAPITAL MARKETS, INC.,<br>AMIT HAZAN, and JONATHAN BLOCK,<br><br>　　　　　　Defendants. | §<br>§<br>§<br>§<br>§  Case No. 07 CV 4633 (JGK)<br>§<br>§  _____<br>§<br>§  JURY DEMAND<br>§<br>§<br>§ |

## JOINT RULE 26(F) REPORT AND PROPOSED SCHEDULING ORDERS

Pursuant to Fed. R. Civ. P. 26(f) a meeting was held by telephone on July 12, 2007 and was attended by Julius Glickman and Ashton Bachynsky on behalf of Plaintiffs, and Judson Graves and Robert Long on behalf of Defendants. Also pursuant to Rule 26(f), and in observance of Rule 16(b) regarding the Court's scheduling order, below is a report outlining the parties' discovery plan and the parties' attached Proposed Schedules. The attached Proposed Schedules were prepared in anticipation of the August 1, 2007, 3:00 p.m. scheduling conference the Court has calendared. The parties plan to attend that scheduling conference by telephone.

**A.   Discovery Plan**

　　　　The parties propose the following discovery plan:

1.　　The parties agree that disclosures under Rule 26(a)(1) will be made by July 30, 2007, and that otherwise there should be no changes to be made in the timing, form, or requirement for disclosures under rule 26(a).

2.	The parties believe that discovery may be needed on the allegations within the Complaint and the defenses raised in Defendant's Answer. The parties agree that discovery should be completed pursuant to any scheduling order signed by the Court. The Parties do not believe that discovery should either be in phases or be limited to or focused upon particular issues.

3.	The parties believe that there are currently not issues relating to the parties' disclosure or discovery of electronically stored information. The parties believe that if there is to be production of large volumes of electronically stored information (i.e., production of the equivalent of more than 10,000 pages of documents), such information should be produced in Native Format, provided that all parties are able to access such information in such format, rather than in TIFF or PDF format. If any party is not able to access such information in Native Format, then the parties agree to negotiate in good faith to resolve any such issues regarding the production of electronically stored information.

The parties also agree that each party will bear its own cost in making its own documents available for inspection and each party will bear its own reasonable costs for inspecting and copying of other parties' documents. This agreement is not intended to bar reasonable requests to shift excessive costs of production to the requesting party, particularly those costs associated with the production of electronic information that is not reasonably available to the producing party.

4.	The parties do not believe that there are issues relating to claims of privilege or of protection as trial preparation material at this stage, and thus do not believe there need to be an Order regarding these issues at this time. If appropriate, the parties will raise such issues with the Court at a later date.

5.	The parties do not believe that any other changes should be made at this time regarding limitations on discovery imposed under the Federal or local rules, nor do the parties believe any other limitations should be imposed at this time.

6.   The parties do not believe that any other orders should be entered at this time by the Court under Fed. R. Civ. P. 26(c) or under 16(b) and (c). The parties may agree to a Confidentiality Order as contemplated by Fed. R. Civ. P. 26(c)(7), and, if so, will submit a joint proposed Order at the appropriate time.

**B.   Proposed Schedules**

The parties have attached each of their Proposed Schedules to this document for the Court's consideration. Both parties agree, however, that regardless of what schedule the Court adopts in light of the parties' proposals, the parties may have to revisit in good faith whether the discovery period will need to be extended beyond the proposed periods depending on discovery delays beyond their control. Further, both parties agree that new parties should be joined by October 31, 2007 and that the Merits Discovery Phase should be completed by 270 days from the date of the filing of this Joint Rule 26(f) Report.

Respectfully submitted this 27th day of July,

| | |
|---|---|
| s/ Ashton Bachynsky | s/ Robert R. Long |
| Julius Glickman (JG 2972) | Judson Graves (Ga. Bar No. 305700) |
| Ashton Bachynsky (AB 7998) | Robert R. Long (Ga. Bar No. 141546) |
| GLICKMAN & HUGHES, L.L.P. | ALSTON & BIRD LLP |
| 909 Fannin, Suite 3800 | 1201 West Peachtree Street |
| Houston, Texas 77010 | Atlanta, GA 30309-3424 |
| Tel: (713) 658-1122 | Tel: (404) 881-7000 |
| Fax: (713) 658-0925 | Fax: (404) 881-7777 |
| -and- | -and- |
| Alan Heblack (AH 1219) | Nelson A. Boxer (NB 2762) |
| SNITOW KANFER HOLTZER & MILLUS | ALSTON & BIRD LLP |
| 575 Lexington Avenue | 90 Park Avenue |
| New York, NY 10022-6102 | New York, NY 10016 |
| Tel: (212) 317-8500 | Tel: (212) 210-9400 |
| Fax: (212) 317-1308 | Fax: (212) 210-9444 |
| *Attorneys for Plaintiff* | *Attorneys for Defendants* |

LEGAL02/30448590v2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT P. "SKIP" CUMMINS,<br><br>Plaintiff,<br><br>vs.<br><br>SUNTRUST CAPITAL MARKETS, INC.,<br>AMIT HAZAN, and JONATHAN BLOCK,<br><br>Defendants. | §§§§§§§§§§§§ Case No. 07 CV 4633 (JGK)<br><br>JURY DEMAND |

## CERTIFICATE OF SERVICE

This is to certify that I have this day electronically filed the within and foregoing **Joint Rule 26(f) Report and Proposed Scheduling Orders** with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following counsel of record:

    Julius Glickman
    Ashton Bachynsky
    GLICKMAN & HUGHES, LLP
    909 Fannin, Suite 3800
    Houston, TX 77010

    Alan Heblack
    SNITOW KANFER HOLTZER
      & MILLUS, LLP
    575 Lexington Avenue
    New York, NY 10022-6102

This 27th day of July, 2007.

                s/Robert R. Long
                Georgia Bar No. 141546

LEGAL02/30448590v2