UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT P. "SKIP" CUMMINS,<br><br>    Plaintiff,<br><br>vs.<br><br>SUNTRUST CAPITAL MARKETS, INC.,<br>AMIT HAZAN, and JONATHAN BLOCK,<br><br>    Defendants. | §§§§§§§§§§§§ Case No. 07 CV 4633 (JGK)<br><br>JURY DEMAND |

## AGREED PROTECTIVE ORDER

Pursuant to Fed. R. Civ. P. 26(c) and the consent and agreement by and between Robert P. Cummins ("Plaintiff") and SunTrust Capital Markets, Inc., Amit Hazan, and Jonathan Block ("Defendants") (collectively, the "Parties"), IT IS HEREBY ORDERED, ADJUDGED and DECREED THAT:

1. Certain documents which the Parties have produced or will produce in the course of discovery in this case may contain "confidential information."

2. All documents produced by any party which constitute or contain confidential information shall be stamped "Confidential" or otherwise appropriately designated. Documents containing "confidential information" that are designated or stamped as "Confidential" shall be treated and maintained as such by all persons to whom such documents are disclosed pursuant to the terms of this Order. Electronic documents that are designated as confidential shall be designated as confidential via a writing accompanying the production of the electronic documents. All parties and counsel for all parties will maintain the security of such documents. Confidential information shall not include any information that is in the public domain, that becomes part of the public domain

through no fault of the other party, the receiving party can show that the information was in its rightful and lawful possession at the time of disclosure, or the receiving party lawfully receives such information at a later date from a third party without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party.

3. Documents designated as "Confidential" shall be used only in connection with this case and may not be disclosed wholly, in part, or in substance to persons not parties to this lawsuit except as set forth below. Nothing herein is intended to prohibit any party from using "confidential" information or documents for any part or aspect of the litigation or this case.

4. Documents and other materials, including but not limited to deposition testimony, designated "Confidential" pursuant to the terms of this Order shall not be disclosed to anyone other than trial counsel; employees, agents, and professional assistants of counsel; the Parties; expert witnesses, trial witnesses, and third-party witnesses who agree to be bound by the terms of this Agreed Protective Order; deponents; the Court; jurors; court reporters and their stenographic employees.

5. When disputes arise as to the applicability of this Order to any information produced by Plaintiff or Defendants, such disputes shall be resolved, if possible, by agreement of the Parties to this action. If, after a reasonable time, the Parties cannot reach an agreement to resolve such a dispute, the Court, on motion of any Party, will consider the dispute and rule accordingly. The party designating the documents as "confidential" shall have the burden of establishing the confidential nature of such documents as provided herein.

6. The inadvertent or unintentional disclosure of any confidential information shall not be construed to be a waiver, in whole or in part, of the Plaintiff's or Defendants' claims of confidentiality, either as to the specific confidential information disclosed or as to other related information. If, through inadvertence, discovery was not marked as "Confidential" a Party may notify the other Party that the designation shall be changed. Once such notice has been received, the discovery shall be treated in accordance with its new designation; if such discovery previously was given to a person not entitled to receive it under this Order, it shall be retrieved immediately.

7. If material that is, or may reasonably be construed to be, subject to the attorney-client privilege, the work-product doctrine, or any other applicable privilege or doctrine ("Privileged Material") is produced by either Party (the "Producing Party"), with or without a "Confidential" designation, such production shall be deemed to have been inadvertent and shall not constitute a waiver of said privilege or doctrine. The Privileged Material shall be returned by the Party receiving the Privileged Material ("Receiving Party") to the Producing Party immediately upon notice by the Producing Party to the Receiving Party of the production of Privileged Material.

8. Any material designated or marked "Confidential" that is filed or submitted in this case shall be filed in a sealed envelope bearing suitable identification and should not be available to any person other than as authorized herein.

9. This Protective Order shall govern pretrial proceedings but shall be subject to modification either before, during, or after the trial upon the merits, upon application of any of the Parties to this lawsuit and for good cause shown.

10. The provisions of this Order shall not affect the admissibility or use of such confidential information at trial or any preliminary evidentiary proceeding in open court, except as directed by separate order entered for good cause shown.

11. All documents and all copies of documents produced by Plaintiff or Defendants which are designated "Confidential" shall, upon request, be returned to the Party that produced such documents within 30 days after final judgment and the conclusion of all appeals, if any.

SO ORDERED this ____ day of _____, 2007.

                                                HONORABLE JOHN G. KOELTL
                                                UNITED STATES DISTRICT JUDGE

AGREED and ACCEPTED this
6th day of September, 2007.

| | |
|---|---|
| s/ Ashton Bachynsky | s/ Robert R. Long |
| Julius Glickman (JG 2972) | Judson Graves (GA Bar No. 305700) |
| Ashton Bachynsky (AB 7998) | Robert R. Long (GA Bar No. 141546) |
| GLICKMAN & HUGHES, L.L.P. | ALSTON & BIRD LLP |
| 909 Fannin, Suite 3800 | 1201 West Peachtree Street |
| Houston, Texas 77010 | Atlanta, Georgia 30309-3424 |
| Tel: (713) 658-1122 | Tel: (404) 881-7000 |
| Fax: (713) 658-0925 | Fax: (404) 881-7777 |
| -and- | -and- |
| Alan Heblack (AH 1219) | Nelson A. Boxer (NB 2762) |
| SNITOW KANFER HOLTZER & MILLUS | ALSTON & BIRD LLP |
| 575 Lexington Avenue | 90 Park Avenue |
| New York, New York 10022-6102 | New York, New York 10016 |
| Tel: (2212) 317-8500 | Tel: (212) 210-9400 |
| Fax: (212) 317-1308 | Fax: (212) 210-9444 |
| *Attorneys for Plaintiff* | *Attorneys for Defendants* |