

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT P. "SKIP" CUMMINS,<br><br>Plaintiff,<br><br>vs.<br><br>SUNTRUST CAPITAL MARKETS, INC.,<br>AMIT HAZAN, and JONATHAN BLOCK,<br><br>Defendants. | Case No. 07 CV 4633 (JGK)<br><br>JURY DEMAND |

## AGREED AMENDED PROTECTIVE ORDER

Pursuant to Fed. R. Civ. P. 26(c) and the consent and agreement by and between Robert P. Cummins ("Plaintiff") and SunTrust Capital Markets, Inc., Amit Hazan, and Jonathan Block ("Defendants"), IT IS HEREBY ORDERED, ADJUDGED and DECREED THAT:

1. Certain documents that have been or will be produced in the course of formal or informal discovery (including voluntary production of documents) in this case by Plaintiff, Defendants or third parties (collectively, the "Parties") may contain, in whole or in part, "Confidential Information." Confidential Information is information that is non-public, sensitive and/or proprietary business information.

2. All documents produced by Plaintiff, Defendant or a third party (a "Producing Party") that constitute or contain Confidential Information shall be stamped "Confidential" or otherwise appropriately designated. Documents containing Confidential Information that are designated or stamped as "Confidential" shall be treated and maintained as such by all persons to whom such documents are disclosed pursuant to the terms of this Order (a "Receiving Party"). A "Receiving Party" shall be defined as, and limited to, the following: trial counsel; employees,

agents, and professional assistants of counsel; Plaintiff; Defendants; deponents; court reporters or videographers; expert witnesses, trial witnesses and third-party witnesses, if they agree in writing to be bound by the terms of this Agreed Protective Order; and the Court and its employees. Electronic documents that are designated Confidential by a Producing Party shall be designated as Confidential via a writing accompanying the production of the electronic documents, or by other means clearly identifying the documents as containing Confidential Information. A Receiving Party will maintain the security and confidentiality of such documents.

3. Confidential Information shall not include any information that is in the public domain at the time of production, that becomes part of the public domain through no fault of the other Parties, that such Parties can show was in their rightful and lawful possession at the time of disclosure, or that such Parties lawfully receive from a third party without restriction as to disclosure, provided such third party has the right to make such disclosure to the Receiving Party. Information, however, produced by third parties and designated as "Confidential" pursuant to the terms of this Protective Order shall be considered protected Confidential Information. Further, if information from documents marked Confidential becomes available to the public, but there is still non-public information in such documents, that non-public information shall remain protected as Confidential Information.

4. Documents designated as "Confidential" shall be used only in connection with this case and may not be disclosed wholly, in part, or in substance to persons who are not Receiving Parties. Nothing herein is intended to prohibit any Party from using Confidential Information or documents for any part or aspect of the litigation of this case in accordance with the terms of this Order. Nothing herein is intended to restrict a Producing Party from using its

own Confidential Information in any way it deems appropriate.

5. Documents and other materials, including but not limited to deposition testimony, designated "Confidential" pursuant to the terms of this Order shall not be disclosed to anyone other than a Receiving Party. If and to the extent counsel for Plaintiff or Defendant, or any of their agents or employees, or any expert retained by them, creates any document (including but not limited to any electronic document) that contains or sets forth or summarizes Confidential Information, such documents shall be a "Derivative Confidential Document" which shall not be disclosed to anyone other than a Receiving Party.

6. When disputes arise as to the applicability of this Order to any information produced by the Parties, such disputes shall be resolved, if possible, by agreement of the Plaintiff and Defendant in this action and, if applicable, a third-party Producing Party whose produced Confidential Information is at issue. If, after a reasonable time, an agreement cannot be reached to resolve such a dispute, the Court, on motion of any Party, including any third party Producing Party whose produced information is at issue, will consider the dispute and rule accordingly. The Producing Party designating the documents as Confidential shall have the burden of establishing that the information is Confidential Information.

7. The inadvertent or unintentional disclosure of any Confidential Information shall not be construed to be a waiver, in whole or in part, of the Producing Party's claims of confidentiality, either as to the specific Confidential Information disclosed or as to other related information. If the Producing Party inadvertently does not mark documents as "Confidential," the Producing Party that made the inadvertent production may notify the Receiving Parties that the designation shall be changed. Once such notice has been received, the Confidential

3

Information shall be treated in accordance with its new designation; if such Confidential Information previously was given to a person not entitled to receive it under this Order, it shall be retrieved immediately.

8. If a Producing Party produces material that is, or may reasonably be construed to be, subject to the attorney-client privilege, the work-product doctrine, or any other applicable privilege or doctrine ("Privileged Material"), with or without a "Confidential" designation, such production shall be deemed to have been inadvertent and shall not constitute a waiver of said privilege or doctrine. The Privileged Material shall be returned by any Receiving Party to the Producing Party immediately upon notice by the Producing Party to any Receiving Party of the production of Privileged Material.

9. Any material designated or marked "Confidential" that is filed or submitted in this case shall be filed in a sealed envelope bearing suitable identification and should not be available to any person other than a Receiving Party.

10. This Protective Order shall govern pretrial proceedings but shall be subject to modification either before, during, or after the trial upon the merits, upon application of any of the Parties and for good cause shown. Prior to any modification, the Parties, including the Producing Party whose Confidential Information is at issue, shall have reasonable notice of the proposed modification sufficient to afford the relevant Producing Party time to object and be heard with respect to the modification.

11. The provisions of this Order shall not affect the admissibility or use of such Confidential Information at trial or any preliminary evidentiary proceeding in open court, except as directed by separate order entered for good cause shown.

4

12. All documents and all copies of documents produced by the Parties that are designated "Confidential" shall, upon request, be returned to the Producing Party within 30 days after final judgment and the conclusion of all appeals, if any. If Derivative Confidential Documents are created, then the Party that created such Derivative Confidential Documents shall itself destroy the Derivative Confidential Documents and certify to the Producing Party that they have done so.

13. This Order is not binding on the Court or Court personnel. The Court reserves the right to amend this Order at any time in accordance with Paragraph 10 above.

SO ORDERED this 7 day of January, 2008.

_____
HONORABLE JOHN G. KOELTL
UNITED STATES DISTRICT JUDGE

*[Handwritten note:]* This Order is not binding on the Court or Court personnel. The Court reserves the right to amend this Order at any time. So ordered.

J.G. Koeltl
U.S.D.J.
1/7/08

AGREED and ACCEPTED this
7th of January, 2008.

_____
Julius Glickman (JG 2972)
Ashton Bachynsky (AB 7998)
GLICKMAN & HUGHES, L.L.P.
909 Fannin, Suite 3800
Houston, Texas 77010
Tel: (713) 658-1122
Fax: (713) 658-0925

-and-

Alan Heblack (AH 1219)
SNITOW KANFER HOLTZER & MILLUS
575 Lexington Avenue
New York, New York 10022-6102
Tel: (212) 317-8500
Fax: (212) 317-1308

*Attorneys for Plaintiff*

_____
Judson Graves (GA Bar No. 305700)
Robert R. Long (GA Bar No. 141546)
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Tel: (404) 881-7000
Fax: (404) 881-7777

-and-

Nelson A. Boxer (NB 2762)
ALSTON & BIRD LLP
90 Park Avenue
New York, New York 10016
Tel: (212) 210-9400
Fax: (212) 210-9444

*Attorneys for Defendants*

LEGAL02/30601973v3