USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/17/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------
ROBERT P. "SKIP" CUMMINS,

              Plaintiff,

    - against -

SUNTRUST CAPITAL MARKETS, INC.,
ET AL.,

             Defendants.
-------------------------------

07 Civ. 4633 (JGK)

MEMORANDUM OPINION
AND ORDER

JOHN G. KOELTL, District Judge:

    This is a defamation action arising out of analyst reports and related statements to the media that criticized the issuance of certain stock options granted to the plaintiff, Robert P. "Skip" Cummins, by the company of which he was the chief executive officer. Mr. Cummins brought this case against defendants Amit Hazan and Jonathan Block, the authors of the analyst reports, and their employer, SunTrust Capital Markets, Inc. (the "defendants").

    The Court granted the defendants' motion for summary judgment in an Opinion and Order dated August 20, 2009. See Cummins v. SunTrust Capital Mkts., Inc., 649 F. Supp. 2d 224 (S.D.N.Y. 2009). Judgment was entered dismissing the complaint and closing the case on August 24, 2009. On September 8, 2009, the plaintiff moved pursuant to Federal Rules of Civil Procedure 59 and 60(b) and Southern District of New York Local Civil Rule

6.3 for reconsideration, alteration, or amendment of the Court's Judgment in favor of the defendants.

As a preliminary matter, the defendants argue that the Court should reject the plaintiff's motion for reconsideration because the plaintiff failed to provide the Court with courtesy copies of the motion when it was fully briefed pursuant to the Court's Individual Rules of Practice and a reminder from the Court in an endorsed letter dated September 9, 2009. The defendants argue that, as a result, the plaintiff's motion was untimely. Under the Federal Rules of Civil Procedure in effect at the time, the plaintiff's motion for reconsideration was made ten non-excludable days after the entry of the judgment and, therefore, was timely. Fed. R. Civ. P. 6(a), 59(e) (effective until Dec. 1, 2009). The defendants allege that the delay in the Court's consideration of the plaintiff's motion resulting from the plaintiff's failure to submit courtesy copies has caused the defendants to expend additional resources. However, the defendants offer no explanation of what additional resources were expanded beyond those that would be required to respond to the plaintiff's motion in any event. Indeed, it is obvious that the defendants responded to the motion before the motion was fully briefed and the plaintiff delayed in submitting the courtesy copies to the Court. The defendants do not provide any other reason why the delay caused the defendants prejudice.

2

Accordingly, there is no basis for rejecting the plaintiff's motion on the grounds that courtesy copies were not submitted to the Court. That failure has delayed the decision on this motion, but it is the plaintiff's motion that has been delayed.

I

While there are no formal guidelines, courts have recognized four basic grounds on which a judgment may be altered or amended pursuant to Rule 59(e): the need to prevent manifest injustice, the need to correct errors of law or fact, the availability of new evidence, or an intervening change in controlling law. See Virgin Atl. Airways, Ltd. v. National Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992). Reconsideration of a court's prior order "is an extraordinary remedy to be employed sparingly" in the interest of finality. In re Health Mgmt. Sys., Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (citation omitted). In a motion for reconsideration, a party may not "advance new facts, issues or arguments not previously presented to the Court." Torres v. Carry, No. 08 Civ. 8967, 2009 WL 3633897, at *1 (S.D.N.Y. Oct. 29, 2009) (citation omitted) (motion under Local Rule 6.3).

"There is a considerable overlap between Rule 59(e) and Rule 60." 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 2817 (2d ed. 1995). Rule

3

60(b) sets forth the grounds by which a court, in its discretion, can provide relief from a final judgment or order. See Fed. R. Civ. P. 60(b); Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986). Rule 60(b) allows a court to relieve a party from a final judgment for, among other reasons, "(1) mistake, inadvertence, surprise, or excusable neglect;" "(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);" or "(6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Rule 60(b) exists to strike a balance between "serving the ends of justice and preserving the finality of judgments." Nemaizer, 793 F.2d at 61. While Rule 60(b) should be read broadly to do "substantial justice," final judgments should not be reopened casually. Id. Relief under Rule 60(b) should be granted "only upon a showing of exceptional circumstances." Id.; see also Minima v. N.Y. City Dep't of Homeless Servs., No. 09 Civ. 1027, 2010 WL 176829, at *1 (S.D.N.Y. Jan. 19, 2010); Meteor AG v. Fed. Express Corp., No. 08 Civ. 3773, 2009 WL 3853802, at *3 (S.D.N.Y. Nov. 18, 2009).

II

In arguing for reconsideration, the plaintiff claims that the Court overlooked or failed to consider certain aspects of Texas law that are allegedly beneficial to the plaintiff's case.

However, in the Court's original Opinion and Order, the Court carefully applied Texas law to each of the thirty-seven statements the plaintiff alleged were defamatory, in addition to considering the plaintiff's argument that the analyst reports as a whole were defamatory.  The plaintiff fails to point to any intervening change in controlling law, any error of law made by the Court, any new evidence, or any other basis that justifies relief.  The plaintiff's motion for reconsideration raises substantially the same arguments the plaintiff originally presented in opposition to the defendants' motion for summary judgment.  Rules 59 and 60(b) are not intended to serve as gateways for relitigating matters already decided or raising arguments that should be made on appeal.  While the plaintiff clearly disagrees with the Court's decision to dismiss his complaint, that is not a reason for the Court to reconsider this case.  Because the plaintiff has failed to establish a basis for reconsideration or relief under Rules 59 and 60(b) and because he has failed to show exceptional circumstances sufficient for such relief, the plaintiff's motion is **denied**.

SO ORDERED.

Dated:   New York, New York
         March 16, 2010

                                          _____
                                                  John G. Koeltl
                                          United States District Judge

5